UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA TATE,

        Plaintiff,

v.

PAUL REVERE LIFE INS. CO.,

        Defendant.

_____/

Case No. 05-70438

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [3]**

This Court has diversity jurisdiction over this matter.  On June 15, 2005, this insurance dispute over disability benefits came before the Court on Defendant Paul Revere Life Insurance Company's motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Court took the matter under advisement and ordered the parties to file supplemental briefing on the statute of limitations issue discussed at the hearing. Supplemental briefing has been submitted, and the Court is now prepared to rule on Defendant's motion.  Because Plaintiff failed to file this cause of action within the three year period set forth in her insurance contract, Defendant's motion is GRANTED. and Plaintiff's Complaint is DISMISSED.

**I.    Facts**

Plaintiff alleges that, while she was a sales agent for AAA of Michigan, she purchased and paid premiums on two disability insurance policies issued by Defendant; Policy Nos. 01-0278399 and 52-00825720-002.  (Compl. at ¶ 5-9.)  Plaintiff further alleges that she

made a claim for conditions covered under the policies and provided Defendant with all the required documentation but Defendant wrongfully denied her claim for disability insurance benefits.  (Compl. at ¶ 10-27.)

Plaintiff filed this action on February 4, 2005, alleging claims of breach of contract (Count II), bad faith (Count III), unjust enrichment (Count IV), intentional infliction of emotional distress (Count V), gross negligence, wanton and willful misconduct and breach of fiduciary duty (Count VI), fraud, silent fraud and intentional misrepresentation (Count VII), promissory estoppel (Count VIII), violation of Michigan's Consumer Protection Act (Count X), and violation of Michigan statutes (Count XI).[1]  In her response to Defendant's motion to dismiss, Plaintiff stipulated to the dismissal of her claims of unjust enrichment, promissory estoppel, violation of Michigan's Consumer Protection Act, and violation of other Michigan statutes (Counts IV, VIII, X, and XI).

## II.    Standard of Review

Because matters outside the pleadings have been presented to and not excluded by the Court, Defendant's motion "shall be treated as one for summary judgment" brought pursuant to Rule 56.  *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Rule 56(c)

---

[1]Count I of Plaintiff's complaint contains "general allegations" and there is no Count IX.

2

mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III.   Analysis

This matter is presently before the Court on Defendant's Rule 12(b)(6) motion for dismissal, arguing that the plain language of Plaintiff's disability insurance policies bars her from bringing this lawsuit more than three years after the date written proof of loss was required. Written proof of loss, Defendant argues, was required within 90 days after the October 25, 2000 date Plaintiff claims she was disabled and thus entitled to benefits. This Court agrees with Defendant.

Michigan law allows the parties to an insurance contract to contractually shorten the statutory limitation period for bringing a lawsuit regarding the insurance contract. *See Rory*

3

*v. Continental Ins. Co.*, ___ N.W.2d ___, ___, 2005 WL 179352, *5 (Mich. July 28, 2005) (holding that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written" and further holding that the provision limiting the time period for filing suit for uninsured motorist benefits under a no-fault insurance policy to within one year of the accident was not contrary to Michigan law or public policy); *Santino v. Provident Life and Accident Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001) (observing that "Michigan courts have held that insurance contracts may contain shorter statutes of limitations.").

Accordingly, this Court looks to the parties' insurance contracts and interprets when the written proof of loss is required and when the contractually agreed upon time limit for filing a lawsuit expired. The Court begins its analysis with a review of the general principles of contract interpretation.

### A. General Principles

The rules of construction for insurance contracts are the same as those for any other written contract. *Rory*, ___ N.W. 2d at ____, 2005 WL 1793572 at *1. Construction of a contract, whether it is ambiguous or unambiguous, also is a question of law for the court. *Fragner v. American Community Mut. Ins. Co.*, 502 N.W.2d 350, 352 (Mich. Ct. App. 1993); *Petovello v. Murray*, 362 N.W.2d 857, 858 (Mich. Ct. App. 1984). The function of the court is to determine and give effect to the parties' intent as discerned from the policy's language, looking at the policy as a whole. *Auto-Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 434 (Mich. 1992).

If a contract is clear and unambiguous, the court must enforce the contract as written, according to its plain meaning, *Clevenger v. Allstate Ins. Co.*, 505 N.W.2d 553, 557 (Mich.

4

1993),  without looking to extrinsic evidence.  *Upjohn Co. v. New Hampshire Ins. Co.*, 476

N.W.2d 392, 396 n. 6 (Mich. 1991).  It is improper for the court to ignore the plain meaning

of the policy's language in favor of a technical or strained construction.  *Arco Indus. Corp.*

*v. Travelers Ins. Co.*, 730 F. Supp. 59, 66 (W.D. Mich. 1989).

### B.  Relevant Contract Language

The parties provide the Court with Plaintiff's Policy No. 0102783899, issued on

February 23, 1996.  The following provisions are relevant here:

### 9.1  TIME OF LOSS

All losses must occur while Your Policy is in force. . . .

### 9.2  WRITTEN NOTICE OF CLAIM

Written notice of claim must be given to Us within 30 days after a covered
loss starts.  If this cannot be done, then notice must be given as soon as
reasonably possible. . . .

### 9.3  CLAIM FORMS

After We receive the written notice of claim, We will send You Our proof of
loss forms within 15 days.  If We do not, You will meet the written proof of
loss requirements if You send Us, within the time set forth below, a written
statement of the nature and extent of Your loss.

### 9.4  WRITTEN PROOF OF LOSS

Written proof of loss must be sent to Us within 90 days after the end of each
period for which You are claiming benefits.  If that is not reasonably possible,
Your claim will not be affected.  But, unless You are legally incapacitated,
written proof must be given within one year of the date it was required.

* * *

### 10.4  LEGAL ACTION

5

You cannot bring legal action within 60 days from the date written proof of loss is given.  You cannot bring it after 3 years from the date written proof of loss is required.

## C.  Application Here

Applying the general principles of contract interpretation set forth above, this Court finds that the unambiguous language of Sections 10.4 and 9.4:  (1) requires the insured to submit written proof of loss within 90 days after the end of the period for which the insured is claiming benefits; and (2) requires the insured to bring a legal action under the policy between 60 days after the written proof of loss is required and on or before the third year anniversary of that date, but no later.  *See Selesny v. U.S. Life Ins. Co.*, No. 236141, 2003 WL 1861028, **1, 5 (Mich. Ct. App. April 8, 2003) (construing substantially similar policy language in the same manner).

It is not disputed that Plaintiff is claiming benefits for an alleged disability that began on October 25, 2000.  Accordingly, she was required under the plain, unambiguous language of the contract to provide written proof of her loss within 90 days after the end of the period for which she was claiming benefits; i.e., by the end of January 2001.  Likewise, under the plain, unambiguous language of the contract, she could bring a legal action 60 days after that date but no later than three years from that date; i.e., January 2004. Plaintiff, however, did not file this action until February 4, 2005.  Thus, under the terms of the parties insurance contract, her claims are time-barred.

Plaintiff disagrees, arguing that, under Sections 9.3 and 9.4 of the contract, written proof of loss is not required until one year after the insurer requests it.  Plaintiff's interpretation is contrary to the plain language of the contract.  Section 9.4 provides that written proof of loss must be sent to the insurer within 90 days after the end of each period

6

for which the insured is claiming benefits.  If that is not reasonably possible, Section 9.4 further provides that the insured's claim for benefits will not be affected.  It goes on to provide that, unless the insured is legally incapacitated, "written proof must be given within one year of the date it was required."  (Plf.'s Ex. A, Policy No. 01027838990, ¶ 9.4.) (emphasis added).

Contrary to Plaintiff's arguments here, Section 9.4 does not change the date the written proof is required.  Rather, it provides that, if it is not reasonably possible to submit the written proof of loss within the required 90-day time period, then the insured's claim will not be affected if filed within one year of the required 90-day time-period.  Section 9.4 says nothing about when the insured may or may not bring a legal action.  It is Section 10.4 that addresses that contractual term.  As construed above, Section 10.4 requires the insured to file a legal action regarding the insurance policy no later than three years after the date the written proof of loss is required; i.e., within 90 days afer the end of the period for which the insured is claiming benefits.  Plaintiff failed to abide by this contractual term, and thus her lawsuit is time-barred.

**IV.  Conclusion**

For the foregoing reasons, Defendant's motion is GRANTED, and Plaintiff's complaint is DISMISSED.


                    s/Nancy G. Edmunds_____
                    Nancy G. Edmunds
                    United States District Judge

Dated:  August 3, 2005


7

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager